IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| PETER D. KINDER, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 10-CV-00101-RWS |
| | ) | |
| TIMOTHY F. GEITHNER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM IN SUPPORT OF
THE MISSOURI ATTORNEY GENERAL'S
<u>MOTION TO INTERVENE</u>

Attorney General Chris Koster hereby seeks leave to intervene in this litigation under Federal Rule of Civil Procedure 24.  In support of his Motion, the Attorney General respectfully submits the following Memorandum:

Plaintiffs have filed a civil suit against the federal government challenging the constitutionality of the Patient Protection and Affordable Care Act ("the Act").  In their Complaint, Plaintiffs allege that the Act contravenes the Missouri Constitution and state law, and that the Act violates the United States Constitution.

In the Complaint, Lieutenant Governor Peter Kinder purports to bring suit in his official capacity, but the substantive portions of the Complaint do not appear to be consistent with this assertion.  Because the Complaint is ambiguous and because the case could potentially implicate the interests of the state, the Attorney General has an interest in the

litigation, and the Court should grant him leave to intervene under Rule 24 for this limited purpose.

## I.   FACTUAL BACKGROUND

On July 7, 2010, Plaintiffs filed the instant case challenging the federal government's enactment of the Act.  *See* Complaint [Doc. # 1].  In their Complaint, Plaintiffs seek to invalidate the legislation on a variety of grounds, including that the Act conflicts with Missouri law and the Missouri Constitution, and that the Act violates the United States Constitution.  Lieutenant Governor Kinder and three other individuals are Plaintiffs in the suit.[1]

Regarding Lieutenant Governor Kinder, the Complaint purports to be filed on his behalf in his official capacity.  Specifically, the Complaint states:

> This case is brought by Missouri Lieutenant Governor Peter Kinder (in his individual capacity . . . and also in his statutory capacity as Lieutenant Governor charged with being the advocate for Missouri's elderly) . . .

*See id.* at "Summary of the Case" [p. 2].   The Complaint further states:

> In addition to his enumerated duties as they are set forth in the Missouri Constitution, Lieutenant Governor Kinder has been empowered to advocate for Missouri senior citizens and those in long-term care facilities as the head of the Office of Office of [sic] Advocacy and Assistance for Senior Citizens.

*See id.* at ¶ 7.

---

[1]   Because the three other Plaintiffs are private citizens and they do not purport to speak on behalf of the state, the Attorney General's Motion and corresponding Partial Motion to Dismiss have no bearing on their standing or their substantive allegations.  The Attorney General's Office takes no position with respect to these issues.

Yet, despite these apparent assertions that he is pursuing the case in his official capacity, the Complaint makes no explicit mention of the state of Missouri. Indeed, the Complaint never names Missouri as a party and its prayer for relief does not seek any redress for the state. Thus, in substance, the Complaint appears to be brought by the Lieutenant Governor only as a private citizen, notwithstanding his assertions to the contrary.

This ambiguity in the pleading requires the intervention of the Attorney General, both (1) to clarify the role of the Lieutenant Governor in the lawsuit, and (2) to represent the state's interests in the event that the Lieutenant Governor is purporting to speak on behalf of the state of Missouri. In light of these two paramount issues, the Attorney General has a significant interest in the litigation that warrants his intervention.

## II. THE ATTORNEY GENERAL MAY INTERVENE BECAUSE HE HAS AN INTEREST IN THE LITIGATION.

Under Rule 24, a court "must" permit an individual to intervene who:

> [C]laims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). "Rule 24 is to be construed liberally and doubts resolved in favor of the proposed intervenor." *Turn Key Gaming, Inc. v. Oglala Sioux Tribe*, 164 F.3d 1080, 1081 (8th Cir. 1999); *see also Tweedle v. State Farm Fire & Cas. Co.*, 527 F.3d 664, 671 (8th Cir. 2008) ("Rule 24 should be liberally construed with all doubts resolved in favor of the proposed intervenor.").

**A.    The Attorney General Has an Interest In the Litigation.**

At least in form, Lieutenant Governor Kinder appears to be pursuing the litigation in his official capacity and on behalf of the state of Missouri.  Thus, the Attorney General has an interest in the litigation's outcome, and an interest in asserting his exclusive authority to pursue such litigation in the name of the state.  Missouri law dictates:

> The attorney general shall institute, in the name and on behalf of the state, ***all*** civil suits and other proceedings at law or in equity requisite or necessary to protect the rights and interests of the state . . . and he may also appear and interplead, answer or defend, in any proceeding or tribunal in which the state's interests are involved.

Mo. Rev. Stat. § 27.060 (emphasis added).  In his role as the exclusive representative of the state in litigation – a role that potentially is being subverted by the instant litigation – the Attorney General has an interest in these proceedings.  This interest addresses the core functions of the Attorney General's Office and it gives rise to a critical, fundamental question: Who speaks for the state of Missouri in the courts?  Because the Missouri legislature has answered this question in favor of the Attorney General, he has an interest in ensuring that his office's authority is not undermined by the current posture of the instant litigation.

Missouri law also contemplates that the Attorney General may intervene in any case where the state's interests are implicated.  *Id.* ("he may also appear and interplead . . . in any proceeding or tribunal in which the state's interests are involved.").  On its face, the Complaint potentially implicates the interests of Missouri, particularly where it alleges that the Act contravenes the Missouri Constitution and Missouri law.  *See* Complaint at Counts I-

IV (¶¶ 47-123).  Given the Complaint's allegations, it is hard to imagine a case where the "state's interests are involved" to a greater extent than in this case.

Thus, the Attorney General has an interest in the instant litigation by virtue of section 27.060, which vests the Attorney General with sole authority to initiate litigation on behalf of the state, and authorizes the Attorney General to interplead where the state's interests are at stake.

### B.      Adjudication May Impair or Impede the Attorney General's Interest.

Proceeding with the litigation in its current posture will impair the Attorney General's interest in preserving his office's authority to initiate civil litigation on behalf of the state of Missouri.  Moreover, not only will allowing Lieutenant Governor Kinder to speak on behalf of the state subvert section 27.060, but it also has the potential to create conflict among Missouri officials.  For example, if Lieutenant Governor Kinder is authorized to file suit, then arguably every member of the General Assembly and every statewide officeholder may do the same, as well as every state agency.  Such a result may lead to fractured, inconsistent positions being pursued in the same case on behalf of the state, thereby providing no clarity to the seminal question identified earlier: Who speaks for the state of Missouri in the courts? Thus, the Court's determination of the issues in this case inherently will implicate – and potentially impair – the Attorney General's statutory interest in being the elected official charged with representing Missouri's interests in the courts.

### C.      Existing Parties Do Not Adequately Represent the Attorney General's Interest.

To satisfy the adequate representation prong of Rule 24, "[a] party generally need only make a minimal showing 'that representation "may be" inadequate' to be entitled to intervene on that basis." *Little Rock Sch. Dist. v. N. Little Rock Sch. Dist.*, 378 F.3d 774, 780 (8th Cir. 2004) (quoting *Kansas Pub. Employees Ret. Sys. v. Reimer & Koger Assocs., Inc.*, 60 F.3d 1304, 1308 (8th Cir. 1995)).

In the instant case, neither Plaintiffs nor Defendants adequately represent the Attorney General's interests because none of those parties are vested with the authority of section 27.060, and none of them are incentivized to protect the Attorney General's authority under that provision.  Accordingly, the parties to the current dispute do not adequately represent the interests of the Attorney General.

### D.      Summary

The Attorney General satisfies the requirements of Rule 24(a)(2) and the Court should permit him to intervene as a matter of right.  His office has a cognizable interest in the litigation, proceeding with the litigation in his absence would impair the interest of his office, and no party in the litigation adequately represents the interests of his office.  Accordingly, the Court should grant the Attorney General's Partial Motion to Intervene.

## III.    ALTERNATIVELY, THE COURT SHOULD PERMIT THE ATTORNEY GENERAL TO INTERVENE.

Alternatively, the Court should permit the Attorney General to intervene under Rule 24(b)(2)(A).  Rule 24(b)(2)(A) states, "On timely motion, the court may permit a federal or

state governmental officer or agency to intervene if a party's claim or defense is based on a statute or executive order administered by the office or agency." Fed. R. Civ. P. 24(b)(1)(B).

As outlined above, Plaintiffs' lawsuit directly implicates section 27.060 – the statutory provision that authorizes the Attorney General to file suit on behalf of the state, and a provision that is codified within the statutory chapter addressing the powers and duties of the Attorney General.  Accordingly, permissive intervention under Rule 24(b) is appropriate and the Attorney General alternatively requests that this Court grant him leave to intervene if the Court finds that intervention of right is not appropriate.

## IV.   CONCLUSION

The Attorney General satisfies both the mandatory and permissive intervention standards set forth in Rule 24, and the Court should grant his Motion for the limited purposes identified herein.[2]

WHEREFORE, the Attorney General respectfully moves the Court to permit him to intervene and grant such other relief as may be just and proper in the premises.

July 9, 2010                         Respectfully submitted,

                                     CHRIS KOSTER
                                     Attorney General


                                     ___/s/ Matthew L. Dameron_____
                                     Matthew L. Dameron        MO Bar # 52093
                                     Assistant Attorney General
                                     Post Office Box 899
                                     Jefferson City, Missouri 65102
                                     Telephone:   (573) 751-3321
                                     Facsimile:   (573) 751-2203
                                     Email:       matt.dameron@ago.mo.gov

---

[2]      In accordance with Rule 24(c), the Attorney General attaches hereto as Exhibit 1 the Partial Motion to Dismiss and Memorandum in Support thereof that he would file immediately after the Court grants him leave to intervene.

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of July, 2010, I electronically filed the forgoing

with the Clerk of the Court using the CM/ECF electronic notification system which sent

notification of such filing to the following:

Mark F. Hearne, II
LATHROP AND GAGE, LLP
10 South Broadway
Suite 1300
Saint Louis, Missouri 63102
thornet@ix.netcom.com

Lindsay S.C. Brinton
ARENT FOX LLP
112 South Hanley Road
Suite 200
Clayton, Missouri 63105
brinton.lindsay@arentfox.com


     /s/ Matthew L. Dameron
    Matthew L. Dameron