*Peter D. Kinder, et al. v. Timothy F. Geithner, et al.*
Case No. 10-CV-00101-RWS

# Exhibit 1 to the Memorandum in Support of the Missouri Attorney General's Motion to Intervene

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | |
|---|---|
| PETER D. KINDER, *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 10-CV-00101-RWS |
| TIMOTHY F. GEITHNER, *et al.*, | ) ) ) |
| Defendants. | ) |

## THE MISSOURI ATTORNEY GENERAL'S
## PARTIAL MOTION TO DISMISS

Attorney General Chris Koster hereby moves to partially dismiss the Complaint as it relates to Lieutenant Governor Peter Kinder's purported effort to bring suit in his official capacity or to bring suit on behalf of the state of Missouri. Because Missouri law vests authority for initiating litigation exclusively with the attorney general, Lieutenant Governor Kinder is authorized to file suit only in his private capacity as a citizen. *See* Mo. Rev. Stat. § 27.060 (authorizing only the attorney general to "institute, in the name and on behalf of the state, all civil suits and other proceedings . . .").

Thus, to the extent he attempts to do so, Lieutenant Governor Kinder's effort to participate in the litigation in his official capacity or on behalf of the state is improper, and the Court should dismiss those portions of the Complaint that are in conflict with section 27.060. Alternatively, Lieutenant Governor Kinder should amend his pleading to clarify that he is pursuing the litigation only as a private citizen and he is not filing suit in the name of the state.

WHEREFORE, the Attorney General respectfully moves the Court to dismiss Lieutenant Governor Kinder in his official capacity from the litigation, and grant such other relief as may be just and proper in the premises.

July _____, 2010                    Respectfully submitted,

                                           CHRIS KOSTER
                                           Attorney General

                                           _____
                                         Matthew L. Dameron          MO Bar # 52093
                                         Assistant Attorney General
                                         Post Office Box 899
                                         Jefferson City, Missouri 65102
                                         Telephone:   (573) 751-3321
                                         Facsimile:    (573) 751-2203
                                         Email:          matt.dameron@ago.mo.gov

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| PETER D. KINDER, *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Case No. 10-CV-00101-RWS |
| TIMOTHY F. GEITHNER, *et al.*, | ) ) ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF
THE MISSOURI ATTORNEY GENERAL'S
PARTIAL MOTION TO DISMISS**

Attorney General Chris Koster hereby moves to partially dismiss the Complaint as it relates to Lieutenant Governor Peter Kinder's purported effort to bring suit in his official capacity or to bring suit on behalf of the state of Missouri. In support of his Motion, the Attorney General respectfully submits the following Memorandum:

Missouri law vests authority for initiating litigation exclusively with the attorney general, and Lieutenant Governor Kinder is authorized to file suit only in his private capacity as a citizen. *See* Mo. Rev. Stat. § 27.060 (authorizing only the attorney general to "institute, in the name and on behalf of the state, all civil suits and other proceedings . . ."). Accordingly, the Court should grant the Attorney General's Partial Motion to Dismiss.

**I.  FACTUAL BACKGROUND**

On July 7, 2010, Plaintiffs filed the instant case challenging the federal government's enactment of the Patient Protection and Affordable Care Act ("the Act").

*See* Complaint [Doc. # 1]. In their Complaint, Plaintiffs seek to invalidate the legislation on a variety of grounds, including that the Act contravenes Missouri law and the Missouri Constitution, and that the Act violates the United States Constitution. Lieutenant Governor Kinder and three other individuals are Plaintiffs in the suit.[1]

Regarding Lieutenant Governor Kinder, the Complaint purports to be filed on his behalf in his official capacity.[2] Specifically, the Complaint states:

> This case is brought by Missouri Lieutenant Governor Peter Kinder (in his individual capacity . . . and also in his statutory capacity as Lieutenant Governor charged with being the advocate for Missouri's elderly) . . .

*See id.* at "Summary of the Case" (p. 2). The Complaint further states:

> In addition to his enumerated duties as they are set forth in the Missouri Constitution, Lieutenant Governor Kinder has been empowered to advocate for Missouri senior citizens and those in long-term care facilities as the head of the Office of Office of [sic] Advocacy and Assistance for Senior Citizens.

*See id.* at ¶ 7.

Yet, despite these apparent assertions that he is pursuing the case in his official capacity, the Complaint never names Missouri as a party and its prayer for relief does not

---

[1] Because the three other Plaintiffs are private citizens and they do not purport to speak on behalf of the state, the Attorney General's Partial Motion to Dismiss has no bearing on their standing or their substantive allegations. Similarly, the Attorney General's Motion does not challenge Lieutenant Governor Kinder's ability to participate in the litigation in his private capacity as a citizen. Instead, the Attorney General is filing a Partial Motion to Dismiss on the narrow issues related to section 27.060.

[2] Generally, actions performed in an officeholder's official capacity are tantamount to actions of the state. *Cf. Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (suit against an official in his or her official capacity is "no different from a suit against the state itself.").

2

seek any redress for the state. Thus, in substance, the Complaint appears to be brought by the Lieutenant Governor only as a private citizen, notwithstanding his assertions to the contrary.

This ambiguity compels the Attorney General (1) to seek dismissal of the Lieutenant Governor to the extent he is pursuing the case in his official capacity or he is purporting to speak on behalf of the state of Missouri, or (2) to clarify the role of the Lieutenant Governor in the lawsuit.

## II. THE COURT SHOULD GRANT THE ATTORNEY GENERAL'S PARTIAL MOTION TO DISMISS.

### A. The Lieutenant Governor May Not Institute Litigation on Behalf of the State.

Under Missouri law, only the attorney general may commence litigation on behalf of the state of Missouri. Section 27.060 states:

> The attorney general shall institute, in the name and on behalf of the state, all civil suits and other proceedings at law or in equity requisite or necessary to protect the rights and interests of the state . . .

Mo. Rev. Stat. § 27.060. This statute vests the attorney general with exclusive authority to participate in litigation on behalf of the state.

In examining the scope of section 27.060, the court in *State of Missouri v. Homesteaders Life Ass'n*, 90 F.2d 543 (8th Cir. 1937) noted, "This general statute quite clearly indicates that actions in the name of the state are authorized to be brought only by the Attorney General. . . . Decisions of the Supreme Court of Missouri are to the effect

3

that the state is not a party to an action unless the officer authorized by law instituted the action in its name." *Id.* at 545. The court further stated:

> A study of the statutes of Missouri leads to the conclusion (1) that the Attorney General is designated as the officer authorized to bring suit in the name of the state; (2) that in the instances in which there is any exception to this rule, the statute specifically names what other officer may bring a suit; (3) where a suit has been brought in the name of the state by any officer other than the Attorney General, or some other officer specifically authorized by statute so to do, the state does not thereby become a party . . .

*Id.* at 548.[3]

Section 27.060 and the long-standing case law interpreting it are clear: only the Attorney General may initiate litigation on behalf of the state. Thus, Lieutenant Governor Kinder's purported effort to participate in this lawsuit either in his official capacity or in the name of the state cannot stand. Allowing the Lieutenant Governor to participate in this fashion would subvert section 27.060 and potentially lead to situations where a variety of officeholders (including statewide officials and members of the General Assembly) or state agencies could claim to represent the state in the same litigation with conflicting positions.

Section 27.060 is clear and its prohibition on the Lieutenant Governor's official participation in this litigation is determinative of the instant Motion. Thus, to the limited and narrow extent that Lieutenant Governor Kinder seeks to pursue this litigation in his

---

[3] The statutory provision at issue in *Homesteaders* actually was codified at section 11276 of the Revised Statutes of Missouri 1929. Section 11276 contained the same operative language as section 27.060. *Compare Homesteaders*, 90 F.2d at 545 and section 27.060.

4

official capacity or on behalf of the state, the Court should grant the Partial Motion to Dismiss.

### B. Partial Dismissal Will Not Prejudice Lieutenant Governor Kinder.

Because the Attorney General seeks only a limited dismissal on a narrow basis, granting the Motion will not prejudice or impact Lieutenant Governor Kinder's ability to pursue this case as a private citizen, and it will not resolve the litigation.

Similarly, partial dismissal will not impact the Lieutenant Governor's official duties or responsibilities. In the likely event that the Lieutenant Governor cites authority for the proposition that he is entitled to file in his official capacity, the case law is not applicable here. In *Kelly v. Hanson*, the State Auditor filed for a declaratory judgment against the Commissioner of Administration and the Director of the Division of Budget and Planning. 931 S.W.2d 816 (Mo. Ct. App. 1996). The State Auditor sought a declaration that the defendants must calculate state revenues under an accounting system established by the Auditor. *Id.* at 816. The Attorney General's Office represented the defendants, and the State Auditor was represented by her own counsel.

Finding that the State Auditor had standing to pursue a declaratory judgment action, the court stated, "State officers have the capacity to bring suit to enforce their powers and duties under the Missouri Constitution." *Id.* at 818. While this statement initially appears to support Lieutenant Governor Kinder's standing to bring the instant litigation, the court's holding does not provide him relief because Lieutenant Governor Kinder's "powers and duties" are not at issue in this case.

5

Case 1:10-cv-00101-RWS Document 5-1 Filed 07/09/10 Page 9 of 11


Under the Missouri Constitution, the Lieutenant Governor is the *ex officio* president of the senate, and he is required to have the same qualifications as the governor. *See* Mo. Const. art. IV, § 4. But the instant litigation does not implicate these powers or duties in any way; in fact, the case is wholly unrelated to those powers. Thus, the Lieutenant Governor's participation in the instant lawsuit is not in furtherance of his "powers and duties under the Missouri Constitution" because those powers are not being jeopardized nor are they being challenged; thus, the court's holding in *Kelly* is inapplicable. *Kelly*, 931 S.W.2d at 818.

Similarly, the litigation does not seek to enforce the Lieutenant Governor's powers and duties as an advocate for senior citizens under section 660.620.[4] Under section 660.620, the Lieutenant Governor "shall coordinate activities with the long-term care ombudsman program . . . on complaints made by or on behalf of senior citizens residing in long-term care facilities." Mo. Rev. Stat. § 660.620(2). The remaining portions of the statute authorize the Lieutenant Governor to investigate senior citizen complaints and make recommendations regarding those complaints. Section 660.620 also authorizes the Lieutenant Governor to "act as a clearinghouse for information" related to senior citizens. *Id.* § 660.620(5). Importantly, the statute does not designate the Lieutenant Governor as the general advocate for all issues related to senior citizens, nor does it authorize the Lieutenant Governor to initiate litigation on behalf of the state for any reason.

---

[4] Read literally, *Kelly* does not authorize standing to enforce statutory rights, but only those "powers and duties under the Missouri Constitution." *Kelly*, 931 S.W.2d at 818. Nonetheless, even applying *Kelly*'s rationale to the Lieutenant Governor's statutory duties reveals that his statutory obligations are unrelated to the instant case.

None of the Lieutenant Governor's duties under section 660.620 are at issue in this litigation, and none of his statutory duties are jeopardized by the Act. Similarly, granting the Attorney General's Partial Motion to Dismiss will not prejudice the Lieutenant Governor's ability to execute his duties under section 660.620 because the litigation does not implicate his role as an information clearinghouse or as an ombudsman for senior citizen complaints. Thus, *Kelly* and its rationale are not applicable.

The Lieutenant Governor's participation in the lawsuit does not emanate from his constitutional or statutory duties. He does not seek to enforce those powers granted to him, and his authority to carry out those duties is not at issue. Thus, dismissing the Lieutenant Governor in his official capacity will not prejudice him or in any way inhibit his ability to perform his job. For these reasons, *Kelly* is inapposite in this context and the Court should grant the Attorney General's Partial Motion to Dismiss.

### III. ALTERNATIVELY, LIEUTENANT GOVERNOR KINDER SHOULD CLARIFY HIS PLEADING.

As outlined above, the scope of the Lieutenant Governor's pleading is not clear. On one hand, he purports to be filing the case in his official capacity and, on the other hand, the state of Missouri is not a party to the litigation nor does the Complaint seek any relief for the state. These contradictory positions leave open the possibility that Lieutenant Governor Kinder intends to pursue the case only as a private citizen. If that is the case, then the Attorney General respectfully submits that the Court should direct Lieutenant Governor Kinder to clarify his pleading. Such a step would render the Attorney General's Partial Motion to Dismiss moot.

## IV. CONCLUSION

To the extent Lieutenant Governor Kinder is pursuing the litigation in his official capacity or on behalf of the state, his claims should be dismissed because section 27.060 authorizes only the Attorney General to initiate claims on behalf of the state. If, however, the Lieutenant Governor is pursuing the matter only as a private citizen, then the Attorney General respectfully requests that the Court direct the Lieutenant Governor to amend his pleading and clarify that point.

WHEREFORE, the Attorney General respectfully requests that the Court grant his Partial Motion to Dismiss and grant such other relief as may be just and proper in the premises.

July __, 2010                    Respectfully submitted,

CHRIS KOSTER
Attorney General

---

Matthew L. Dameron    MO Bar # 52093
Assistant Attorney General
Post Office Box 899
Jefferson City, Missouri 65102
Telephone:  (573) 751-3321
Facsimile:   (573) 751-2203
Email:         matt.dameron@ago.mo.gov